1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16

JOHN FORREST,

               Petitioner,

   v.

THAHESHA JUSINO, Warden,

               Respondent.

Case No. 2:20-cv-03465-PD

**MEMORANDUM OPINION AND ORDER DISMISSING PETITION WITHOUT PREJUDICE**

17
18
19
20
21

      Petitioner John Forrest, an inmate at the Federal Correctional Institution in Victorville, California, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, the Petition is dismissed without prejudice for lack of jurisdiction, and the Court will issue a certificate of appealability.[1]

22
23
24
25
26
27
28

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including entry of final judgment.  [Dkt. Nos. 9; 10.]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.   **Pertinent Procedural History**

    A.   **Proceedings in the Nebraska District Court and the Eighth Circuit**

In 2009, in the District of Nebraska, Petitioner pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[2] At sentencing, the district court found that Petitioner had sustained four prior convictions for a violent felony (three in Colorado for second-degree burglary in 1986, robbery in 1988, and menacing in 1995, and one in Kansas for attempted burglary in 2004) under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").[3] The ACCA imposes a 15-year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a violent felony. 18 U.S.C. § 924(e)(1). Absent the sentencing enhancement, the felon-in-possession of a firearm offense sets a 10-year maximum sentence. 18 U.S.C. § 924(a)(2). In this case, the court imposed the statutorily mandated 15-year sentence. *See* 18 U.S.C. § 924(e)(1).

---

[2] The Court takes judicial notice of the dockets from Petitioner's criminal case in the district court in Nebraska and the appellate proceedings in the Eighth Circuit. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts).

[3] At that time, the ACCA defined a "violent felony" as follows:

    any crime punishable by imprisonment for a term exceeding one year ... that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The district court did not specify whether Petitioner's four prior offenses were violent felonies as crimes involving "force," as used in the statute, or whether they qualified either as crimes "explicitly enumerated" in the statute or as crimes that fell within the statute's "residual" clause. [Nebraska Case, Dkt. No. 94 at 78.]

1    Petitioner appealed his sentence, arguing that none of his four prior

2    convictions was for a "violent felony" as defined in 18 U.S.C. § 924(e)(2)(B).

3    Regarding his 1986 second-degree burglary conviction in Colorado, Petitioner

4    argued that under *Taylor v. United States*, 495 U.S. 575 (1990), it could not

5    qualify as an ACCA predicate because its elements are broader than those of a

6    listed generic offense.  [Dkt. No. 2 at 4.]

7    In 2010, the Eighth Circuit affirmed.  *United States v. Forrest*, 611 F.3d

8    908 (8th Cir.), *cert denied*, 131 S. Ct. 622 (2010).  The court held that the

9    Kansas attempted burglary conviction qualified as a violent felony under the

10    residual clause of the ACCA, the robbery and menacing convictions fell within

11    the definition of violent felony under the force clause, and the Colorado

12    second-degree burglary conviction qualified under the enumerated offenses

13    clause.  *Id.* at 911-13.  Recognizing that the Colorado burglary statute at issue

14    "was potentially over-inclusive under *Taylor*," the court employed the

15    modified categorial approach to determine that the district court had not

16    erred in finding that Petitioner's second-degree burglary conviction was for a

17    violent felony offense enumerated in 18 U.S.C. § 924(e)(2)(B)(ii). [4] *Id.* at 913.

18    Petitioner filed a petition for certiorari in the United States Supreme Court,

19    which was denied.  *Forrest v. United States*, 131 S. Ct. 622 (2010).

20    In 2011, Petitioner filed his first motion under 28 U.S.C. § 2255 (the

21    "2011 Motion").  He argued, among other things, that the district court erred

22

23    [4] The relevant Colorado statute stated that a person: "commits second degree

24    burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully
in a building or occupied structure with intent to commit therein a crime against a

25    person or property."  Colo. Rev. Stat. Ann. § 18-4-203 (1986).  The criminal
complaint alleged that Petitioner did "unlawfully, feloniously and knowingly break

26    an entrance into and enter and remain unlawfully in the building and occupied
structure . . ." *Forrest,* 611 F.3d at 913.  The Eighth Circuit determined that the

27    complaint "clearly charged a generic burglary offense" and that the evidence was
sufficient to permit the district court to find that the judgment was in fact a

28    conviction for the generic burglary offense charged in the complaint. *Id.*

3

in finding that the Colorado second-degree burglary and Kansas attempted burglary convictions were violent felonies under the ACCA.  The district court rejected this argument, stating that it was "simply a rehash of what [petitioner] argued in his direct appeal with a slightly different twist" and that under *United States v. Davis*, 406 F.3d. 505, 511 (8th Cir. 2005), an issue raised and decided on direct appeal will not be reconsidered in a § 2255 motion.  *United States v. Forrest*, 2011 WL 13272652, at *3 (D. Neb. Oct. 5, 2011).  The court dismissed the 2011 Motion with prejudice.  *Id*.  The Eighth Circuit subsequently dismissed Petitioner's appeal.  *United States v. John Forrest*, Case No. 11-3358 (8th Cir. Dec. 23, 2011).

In 2014, Petitioner sought permission from the Eighth Circuit to file a second motion under 28 U.S.C. § 2255.  He claimed actual innocence of his ACCA sentence based on the holding in *Descamps v. United States*, 570 U.S. 254, 258 (2013), that sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements.  The Supreme Court held that it was error to invoke the modified categorical approach to look behind the prior conviction in search of record evidence that the petitioner had committed the generic offense to determine whether it qualified as an ACCA predicate.  *Id*. at 277-78.  The Eighth Circuit denied Petitioner's request for authorization to file a second § 2255 motion.  *United States v. John Forrest*, Case No. 14-2108 (8th Cir. Aug. 29, 2014, Order).

In 2015, the Supreme Court held that the "residual clause" of the ACCA, which identifies qualifying predicate offenses as "involv[ing] conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague.  *Johnson v. United States*, 576 U.S. 591, 606 (2015).  In 2016, the Supreme Court held that *Johnson* could be applied retroactively

4

to cases on collateral review. *Welch v. United States,* 136 S. Ct. 1257, 1259-60 (2016).

Based on *Johnson* and *Welch*, the Eighth Circuit granted Petitioner leave under 28 U.S.C. § 2255(h) to file a successive motion to correct his sentence. *Forrest v. United States*, 934 F.3d 775, 777 (8th Cir. 2019). Petitioner filed his successive § 2255 motion in 2017 (the "2017 Motion"). [Nebraska Case, Dkt. No. 146.]  He argued that under *Johnson*, his 2004 Kansas conviction for attempted burglary no longer met the statutory definition of a violent felony.  He also argued that his Colorado conviction for second-degree burglary was subject to reclassification under *Descamps* and *Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016) (holding that a prior conviction does not qualify as a predicate violent felony under the ACCA if the statute of conviction enumerates multiple, alternative factual means of satisfying a single element).  The government conceded that under *Johnson*, the Kansas attempted burglary conviction no longer qualified as a predicate offense under the ACCA. The government argued that the second-degree burglary conviction in Colorado still qualified, however, because *Mathis* and *Descamps* had not been made retroactively applicable to cases on collateral review. [Nebraska Case, Dkt. No. 148 at 6, 8][5]

The district court denied the 2017 Motion because it relied on *Mathis* and *Descamps* and thus failed to meet the requirement that a successive § 2255 motion must be based upon a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *United States v. Forrest*, 2017 WL 6205790, at *2 (D. Neb. Dec. 6, 2017) (citing 28 U.S.C. § 2255(h)(2)).  Citing cases decided by the

---

[5] If the 1986 Colorado conviction did not qualify as a violent felony under the ACCA, then Petitioner would not be subject to the mandatory minimum sentence because he would have fewer than three convictions for violent felonies.

1 Seventh, Eighth, Ninth and Eleventh Circuits, the court explained that

2 *Mathis* followed from *Descamps* and *Taylor*, none of which had been made

3 retroactively applicable to cases on collateral review. *Id*. The court rejected

4 Petitioner's argument that because *Johnson* and *Welch* changed the status of

5 his Kansas attempted burglary conviction, he should receive a new sentencing

6 hearing at which he could rely on *Mathis* and *Descamps* to show that his

7 Colorado second-degree burglary conviction no longer qualified as a violent

8 felony under the ACCA. *Id*. The district court granted a certificate of

9 appealability on the ground that one court in the Eighth Circuit had used

10 *Johnson* as a "portal" to grant relief under *Mathis*. *Id*.

11 Petitioner appealed, and the Eighth Circuit affirmed, holding that he

12 did not meet the requirements of § 2255(h)(2) for filing a successive motion.

13 *Forrest*, 934 F.3d at 777. The court stated that an order granting leave to file

14 a successive § 2255 motion is "a preliminary determination subject to fuller

15 consideration after the motion is filed." *Id*. The court concluded that *Johnson*

16 was the only new rule upon which Petitioner relied, as "[n]either *Mathis* nor

17 *Descamps* announced a new rule of constitutional law that the Supreme Court

18 has made retroactive to cases on collateral review." *Id*. at 778.[6] Petitioner

19 [6] In her separate opinion, concurring in judgment, Circuit Judge Kelly, stated:

20
21 > It is undisputed that under current law, [Petitioner] does not qualify for
22 > an ACCA enhancement. Yet he will be required to serve five years more
23 > than the statutory maximum sentence for his offense as the result of
24 > the ACCA enhancement because the original application of the
25 > enhancement might have resulted from not one mistake, but two: first,
26 > application of the residual clause, which the Supreme Court later
27 > struck from the statute as unconstitutional; and second, application of
28 > our circuit's case law on the modified categorical approach, which the
> Supreme Court later explained was erroneous and had been for some
> time. *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a
> straightforward case. For more than 25 years, we have repeatedly made
> clear that application of ACCA involves, and involves only, comparing
> elements."). But for this court's erroneous understanding of how to
> identify an ACCA predicate offense at the time of [Petitioner's]

filed a petition for writ of certiorari, which was denied. *Forrest v. United States*, 140 S. Ct. 669 (2019).

Petitioner is now incarcerated in this district and seeks relief under 28 U.S.C. § 2241.

## III. Discussion

Petitioner contends that under *Mathis* and *Descamps*, he is actually innocent of his sentence imposed under the ACCA because the sentencing court erred in utilizing the modified categorical approach to determine that his 1986 second-degree burglary conviction qualified as a violent felony under the ACCA. He asserts that 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his confinement, and he seeks to invoke 28 U.S.C. § 2255(e), also known as the "escape hatch" or "savings clause," under which this Court may entertain his § 2241 petition. To meet the escape hatch criteria, a petitioner must (1) make a claim of actual innocence, and (2) have not had an unobstructed procedural shot at presenting that claim. *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (citations omitted).

The government concedes that under *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020) *rehearing en banc denied*, 976 F.3d 863 (2020), Petitioner has made a cognizable claim that he is actually innocent of his ACCA sentence for the purpose of qualifying for the escape hatch. The government argues that Petitioner does not meet the second criterion, however, because he has had an unobstructed procedural shot at presenting his claim.

---

sentencing, the district court would have identified three predicates, and [Petitioner] would now qualify for relief under *Johnson* because he has only two predicates. I would not penalize [Petitioner] with five years' imprisonment because of our error while similarly situated § 2255 movants in other circuits obtain relief . . .

*Forrest,* 934 F.3d at 780.

7

A.   **This Court Lacks Jurisdiction to Entertain the Petition**

1.   **Applicable Law**

The procedural mechanism for a federal inmate to challenge the legality of a sentence is a motion under 28 U.S.C. § 2255. *Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir. 2008). Only the sentencing court has jurisdiction in a § 2255 case. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). A challenge to the manner, location or conditions of the execution of a sentence must be brought under 28 U.S.C. § 2241 in the district where the petitioner is in custody. *Id*.

These limitations have one exception by which a federal inmate may invoke § 2241 to challenge the legality of his detention. *Harrison*, 519 F.3d at 956. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens v. Herrera*, 464 F.3d. 895, 897 (9th Cir. 2006)). The savings clause is not a mechanism to circumvent the procedural limitations on § 2255 motions or to obtain a second chance to present a claim previously denied on the merits. *See Ivy v. Pontesso,* 328 F.3d 1057, 1059 (9th Cir. 2003); *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)).

In the Ninth Circuit, § 2255 provides an "inadequate or ineffective" remedy allowing a petitioner to proceed under § 2241, when the petitioner "makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (quoting *Stephens*, 464 F.3d at 898.)

2.   **Analysis**

Petitioner was convicted in the District of Nebraska. He challenges the legality of his ACCA sentence under *Mathis* and *Descamps*. Presumptively, Petitioner's "exclusive" mechanism for this claim is a § 2255 motion in the

8

District of Nebraska.  Petitioner brought that motion in the sentencing court; in fact, he received authorization to file, and did file, a successive § 2255 motion raising his *Mathis* and *Descamps* claim, in both the sentencing court and the Eighth Circuit.  He seeks to invoke the escape hatch here on the ground that § 2255 has proven to be inadequate or ineffective to test the legality of his confinement.  To invoke the escape hatch, Petitioner must satisfy both requirements stated above.

### a.    Actual Innocence

Petitioner claims that under *Mathis* and *Descamps*, his 1986 Colorado conviction for second-degree burglary is not a predicate crime under the ACCA and he is therefore actually innocent of the mandatory sentence that was imposed.  In *Allen*, the Ninth Circuit held that a challenge to a mandatory career offender sentence based on *Mathis* and *Descamps* was a cognizable claim of actual innocence that qualified for the escape hatch. *Allen*, 950 F.3d at 1192; *see also United States v. Wehmhoefer*, 835 F. App'x 208  (9th Cir. 2020) (stating that for purposes of the escape hatch, *Allen* held that claims sounding in *Mathis* and *Descamps* are retroactively applicable).

Here, the government concedes that under *Allen*, Petitioner has made a cognizable claim of actual innocence that qualifies for the first prong of the escape hatch.

### b.    Lack of An Unobstructed Procedural Shot

To determine what constitutes an "unobstructed procedural shot," the Ninth Circuit considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  *Harrison*, 519 F.3d at 960 (internal quotation marks omitted).  An intervening court decision must "effect a material change in the applicable law" to establish unavailability.  *Id*.;

*Alaimalo*, 645 F.3d at 1048 (explaining that Ninth Circuit decision that transporting drugs from one location within the United States to another did not constitute "importation" effected a material change in the law applicable to the petitioner's case). "In contrast, a decision that simply provides further clarification of the statute of conviction without materially vary[ing] from the statutory construction set forth in previous case law does not effect such a change." *Alaimalo*, 645 F.3d at 1048 (internal quotation marks omitted).

In this case, the legal basis for Petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion. He exhausted his direct appeal in 2010, and his first § 2255 motion in 2011. *Descamps* was decided in 2013, and *Mathis* was issued in 2016. In addition, after his first § 2255 motion, the law changed in a way relevant to Petitioner's claim. *Mathis* and *Descamps* changed the law affecting whether Petitioner's prior second-degree burglary conviction qualified as a violent felony under the ACCA. *See Allen*, 950 F.3d at 1190 (concluding that the petitioner did not have an unobstructed procedural shot at presenting his actual innocence claim "because it was foreclosed by existing precedent at the time of his direct appeal and § 2255 motion"). In *Allen*, the Ninth Circuit explained that the petitioner's claim would have failed under the law at the time of the first § 2255 motion because his prior conviction would have been analyzed under the modified categorical approach. *Id*. at 1190-91. Based on *Mathis* and *Descamps*, the petitioner could now argue that under the applicable categorical approach, his prior conviction was not a predicate for the sentencing enhancement. *Id*. at 1191.

However, unlike *Allen*, Petitioner was permitted to file a successive § 2255 motion -- the 2017 Motion – raising his challenge based on *Mathis* and *Descamps*. The 2017 Motion was denied because it failed to meet the gatekeeping requirement of § 2255(h)(2) that a second or successive motion

must contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Forrest*, 934 F.3d at 777-778.  That the 2017 Motion was denied does not, however, mean that the remedy by § 2255 motion was inadequate or ineffective to test the legality of Petitioner's detention.  As the Ninth Circuit explained in *Ivy*, "[I]t is not enough that the petitioner is presently barred from raising his claim of actual innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion."  328 F.3d at 1060; *see Lewis v. Salazar*, 829 F. App'x 239, 241 (9th Cir. 2020) (petitioner could not show that his remedy under § 2255 was inadequate or ineffective, even though the legal basis for his claim arose after his direct appeal and first § 2255 motion, because he had multiple opportunities to present the claim in motions for leave to file successive § 2255 motions and in another § 2241 petition).

Moreover, the cases upon which Petitioner relies do not support his argument that he lacked an unobstructed procedural shot to assert his claim that his second-degree burglary conviction does not qualify as a violent felony under the ACCA.  Unlike Petitioner's claim, which was available before he filed his 2017 Motion, the petitioner's *Mathis* and *Descamps* claim in *Allen* "did not become available until after the [Second] Circuit denied his § 2255 motion" and the Second Circuit refused to allow him to file a successive petition after *Descamps* was decided.  Under these facts, the Ninth Circuit concluded that the petitioner never had an unobstructed procedural shot to assert his claim in his sole § 2255 motion.  *Allen*, 950 F.3d at 1191 (citing *Stephens*, 464 F.3d at 898).  *Smith v. Martinez*[7] is equally distinguishable.

---

[7]  *Smith v. Martinez*, No. CV 17-18-TUC-JAS (BPV), 2018 WL 558996, at *12–14 (D. Ariz. Jan. 5, 2018), *report and recommendation adopted*, 2018 WL 526898 (Jan. 24, 2018).

There, the petitioner filed his first § 2255 motion before *Descamps* was decided and was repeatedly denied permission by the Ninth Circuit to file a successive petition after *Descamps* was decided.  Under those facts, the district court held that the petitioner had not had an unobstructed shot at asserting his *Descamps* claim and, therefore, allowed the petitioner to assert that claim in a § 2241 petition.  *Smith*, 2018 WL 558996, at *4.  Finally, *Wehmhoefer* is readily distinguishable from Petitioner's case because, there, the petition at issue was the petitioner's first habeas challenge to his conviction and sentence.  835 F. App'x 208.

Here, not only has Petitioner had an unobstructed opportunity to remedy any claim of actual innocence, he in fact seized that opportunity and brought a successive § 2255 motion asserting the same argument advanced in the instant Petition.  Because he has had the opportunity to raise this issue, and did so, the escape hatch is unavailable.  Consequently, Petitioner may not bring the present challenge to his sentence as a § 2241 petition in this Court but must raise it in a § 2255 motion in the district in which he was convicted.  Accordingly, this Court lacks jurisdiction over Petitioner's claim.

Finally, the fact that the Ninth and the Eighth Circuits have come to opposite conclusions regarding whether *Mathis* and *Descamps* apply retroactively to cases on collateral review is of no consequence for purposes of whether Petitioner had an unobstructed shot to assert his current claim.  The change in the law after the first § 2255 motion required to invoke the escape hatch "is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated."  *In Re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).  "When there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner is correct, and hence there is no basis for supposing him

unjustly convicted merely because he happened to have been convicted in the other circuit." *Id.*

**B.    Transfer of this Action is Inappropriate**.

The only remaining question is whether this action should be transferred to the District of Nebraska. *See* 28 U.S.C. § 1631. "Because the statute's language is mandatory, federal courts should consider transfer without motion by the parties." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Id.*

The interest of justice would not be served by transferring this action to the sentencing district. Since Petitioner has already filed two § 2255 motions there, he would have to obtain permission to file a successive § 2255 motion in that court. A successive motion would have to be certified by the Eighth Circuit to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Neither requirement would be met. Petitioner has not brought forward any newly discovered evidence of his actual innocence. And the Eighth Circuit has held that *Mathis* and *Descamps* did not announce a new rule of constitutional law for purposes of a successive § 2255 motion. *See Martin v United States*, 904 F.3d 594, 597 (8th Cir. 2018). Petitioner therefore would be unable to obtain permission from the Eighth Circuit to file a successive § 2255 motion in the sentencing court. *See Copeland v. Martinez*,

13

2020 WL 2097745, at *3 (C.D. Cal. Apr. 30, 2020) (transfer of successive § 2255 motion to sentencing court would be futile where petitioner had not obtained authorization to file motion from the court of appeals). Accordingly, transfer of this action to any other court is not appropriate.

## IV.  ORDER

For these reasons, Respondent's motion to dismiss the Petition is granted and the Petition is dismissed without prejudice for lack of jurisdiction.

The Court finds that Petitioner has satisfied the requirements for a certificate of appealability and will issue a separate Order. Given Petitioner's actual innocence claim and the Ninth Circuit's decision in *Allen*, this Court finds that jurists of reason would find it debatable whether this Court was correct in its finding that Petitioner failed to show that he has not had an unobstructed procedural shot at presenting his claim and thus does not qualify for application of the savings clause of 28 U.S.C. § 2255(e).

Dated:  March 29, 2021

Patricia Donahue

_____

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE